## W. W. WADE, EXECUTOR, &c. v. MARY U. WADE.

The executor of a decedent, acting in his fiduciary capacity, bought out the interest of the widow in the decedent's estate, and, in part payment for it, indorsed to her certain overdue notes executed by third parties to the decedent in his lifetime. The indorsement was in blank, and was signed "W W., executor of D. W.," and it was made in pursuance of a written contract between the parties, which showed that the widow entirely released her husband's estate, and did not stipulate for any indorsement of the notes, or for recourse on any one besides the makers of them. *Held,* that, under the circumstances, neither the executor individually, nor the estate he represented, was liable on the indorsement, which must be regarded as nothing more than a mere transfer of the right of action on the notes.

ERROR from Fayette. Tried below before the Hon. D. C. Barden.

The opinion states the leading facts. The plaintiff below
34

sought a recovery against the defendant, not only as executor, but also in his individual capacity as a guarantor. The court below held him liable in the latter character.

*Jarmon & Cross*, for the plaintiff in error.

*J. R. Burns*, for the defendant in error.

WALKER, J. This action was brought in the court below by the widow of David Wade, deceased, to recover against the plaintiff in error, who is the executor of the will of David Wade, as the indorser of certain notes made by C. Clark and Margaret Clark, and delivered to David Wade in his lifetime. Mary U. Wade is the widow of David Wade by a second marriage. Wm. W. Wade is the son by a former marriage.

The indorsement of the notes was in pursuance of a contract made between the parties on the 21st day of August, 1861, and this contract fully explains the object and purpose of the indorsement, without resorting to the parol evidence of the attorneys Webb and Lindsay, who witnessed the agreement.

There is nothing in the agreement which binds the plaintiff in error to indorse or guarantee the payment of the notes; he simply covenanted to transfer the property in the notes, and the right to them, to the defendant in error.

The notes were parts of the assets of the estate of David Wade, and without the transfer by the executor, Mrs. Wade could not have brought suit upon them. From the contract itself, it is plain that Mrs. Wade, on receiving the notes, and contemporaneously with the indorsement, released all her claim in law and equity against the estate of her deceased husband.

The executor, then, did not make the estate liable by indorsing the notes as he did, adding to his name the words "Execu-"tor of D. Wade." These words, in a proper case, would not exonerate the indorser from personal liability, as they must be treated merely as *descriptio personæ;* but the contract plainly

enough shows that Wm. W. Wade acted in the premises only in his representative capacity.

But we are of opinion that the indorser would be discharged under the circumstances of this case, if the indorsement had been made in the ordinary course of business. Mrs. Wade has not used the diligence required by law, to collect the notes from the makers and to fix the liability of an indorser.

We think, by the judgment of the District Court, the plaintiff in error should have been dismissed with his costs. The judgment is therefore reversed, and the cause remanded.

Reversed and remanded.