WHEELOCK v. MAYFIELD et al.
(No. 1201.)

(Court of Civil Appeals of Texas. Amarillo. June 13, 1917. Rehearing Denied Oct. 3, 1917.)

1. BILLS AND NOTES ⚙=489(3) — ACTION AGAINST INDORSER—EVIDENCE—EXPLANATION OF INDORSEMENT.

In action against indorser under plea of no consideration for the indorsement, defendant could explain the nature of his indorsement.

2. BILLS AND NOTES ⚙=291 — LIABILITY OF INDORSER — INDORSEMENT FOR PURPOSE OF TRANSFER.

It is the general rule that where indorsement is for the purpose of transfer only, indorser is not responsible.

3. APPEAL AND ERROR ⚙=991 — SUFFICIENCY OF EVIDENCE—CONCLUSIVENESS OF VERDICT.

The jury having found that an indorsement was made merely for the purpose of transfer, having evidently accepted the indorser's explanation and the issue being only one of fact, the verdict will not be disturbed on appeal.

Appeal from Garza County Court; A. R. Anderson, Judge.

Action by E. L. R. Wheelock against W. D. Mayfield and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Paul Steed, of Post, and Bean & Klett, of Lubbock, for appellant. Percy Spencer, of Lubbock, and H. D. Durst, of Post, for appellees.

HALL, J. Appellant sued upon a promissory note for $400 to recover against G. W. Burkett as maker, and W. D. Mayfield as indorser and guarantor. The note is payable to the order of W. D. Mayfield, and was indorsed by him as follows:

"For value received I, or we, hereby guarantee payment of the within note at maturity and at all times thereafter, and waive demand, protest and notice of nonpayment thereof."

There is also a transfer of the vendor's lien retained in the note signed and acknowledged by Mayfield. This transfer of the vendor's lien also includes the transfer of the note. Mayfield set up failure of consideration, and only this issue was submitted to the jury. The jury found that there was no consideration, and the only assignment of appellant's brief insists that this finding is not supported by the evidence, and is contrary to law. Appellant testified that he was a

real estate broker; that Mayfield listed the land with him and promised to pay him 5 per cent. commissions, and that Mayfield sold the land for $1,400; that several days after the land was sold he called on Mayfield for his commissions and was told that Mayfield did not have the cash, and upon Mayfield's suggestion, he accepted the note sued upon, which was indorsed by Mayfield at that time in full of appellant's claim for commissions. Mayfield testified with reference to the transaction as follows:

"At the time I turned the note over to Mr. Wheelock I signed my name on the back of it to make it good at the solicitation of Mr. Wheelock and simply as a matter of accommodation to enable Mr. Wheelock to get him a home. Mr. Wheelock was then on a trade for a home, and said that if I would indorse the note that it would make it good so that he could use it in trading it to the other fellow. I have forgotten the name of the fellow Mr. Wheelock was trading with. He made the trade a few days after I indorsed the note. The trade went through and Wheelock lived in the house some time, but afterwards he had to take up the note sued on. The same was returned to him when he failed to pay for the house. At the time I indorsed the note to Mr. Wheelock I did not owe him anything. I did not employ him as a real estate agent to find a purchaser for me, and did not promise him a 5 per cent. commission for selling the land. Prior to the time I indorsed the note to Mr. Wheelock he and I had a conversation about 30 acres of land that I had in Pecos county, and we agreed that we would both try to sell the land, and that in case either one found a purchaser I was to divide with Mr. Wheelock my excess above my equity in the land. My equity in the land was $600, and I sold it for $1,400 above what was already against the land. I got a half interest in a drug store at Altus, Okl., and two notes for $400 each. I considered that the two notes of $400 each were the profit, and I gave one of the $400 notes, being the one sued on, to Mr. Wheelock, as his part in the transaction. Both of us tried to sell the land, but I was the one that made the sale to Burkett, and I closed the trade in Altus. In a week or two after the trade was closed I turned over to Mr. Wheelock the note sued on and signed my name on the back thereof, as stated above."

[1, 2] By deposition appellant testified in part that he took the $400 note for his services in assisting Mayfield toward the sale of the land in Pecos to the purchaser, Burkett. As stated, the note was payable to the order of Mayfield, and to perfect the transfer it was necessary for Mayfield to indorse it. Under his pleadings he had the right to explain the nature of his indorsement. The general rule with reference to such indorsements is that the indorser is not responsible. As stated by Bonner, Justice, in Hanrick v. Alexander, 51 Tex. 502:

"If the indorsement by Hanrick of the note sued on was simply to transfer the right of action thereon to Blocker without recourse on Hanrick, this, as between him and Mrs. Alexander and the children of Blocker, would be a sufficient defense to recovery by them of a personal judgment against Hanrick. Wade v. Wade, 36 Tex. 529."

[3] The jury evidently accepted Mayfield's statement of the contract with Wheelock that the profits realized by Mayfield over and above his equity should be divided between Wheelock and Mayfield. These profits consisted of the two notes. Under Mayfield's statement of the contract, accepted by the jury, Wheelock was entitled to one of the notes, whatever its value might be. He had no right to insist that Mayfield should add his personal indorsement and guaranty to it. The briefs presenting simply an issue of fact and this issue having been determined by the jury in favor of appellee, we will not disturb it.

The judgment is affirmed.