## PREWITT v. LLOYD et al.   (No. 6737.)

(Court of Civil Appeals of Texas.   San Antonio.   April 19, 1922.)

Bills and notes &⊃324—Payee delivering note without indorsing held not liable as indorser.

A payee who sold a note to plaintiff and delivered it to him without indorsing it was not liable on the note as indorser.

Appeal from Williamson County Court; F. D. Love, Judge.

Action by George P. Prewitt against W. M. Lloyd and Albion A. Young. Judgment for plaintiff against defendant Lloyd, but denying recovery against defendant Young, and plaintiff appeals. Affirmed.

Melasky & Moody, of Taylor, for appellant. N. L. Taylor, of Granger, and Wilcox & Graves, of Georgetown, for appellees.

FLY, C. J. Appellant sought a recovery against W. M. Lloyd, as maker and Albion A. Young, as indorser, of. a promissory note for $400, and interest at 10 per cent. per annum from February 20, 1919, and to foreclose a chattel mortgage given by said Lloyd to said Young. Appellant applied for and obtained a writ of attachment, which was levied on the interest of said Young in 308 acres of land. The cause was submitted to a jury on the following issue:

"Did the defendant Albion A. Young promise and agree with the said plaintiff, George A. Prewitt, at the time he sold to him, the said Prewitt, the Lloyd note for $400, upon which suit is brought herein, that he, the said Young, would indorse said note?"

And the jury answered it in the negative. Judgment was rendered in favor of appellant as against W. M. Lloyd for the amount of the note, with interest and a foreclosure of the chattel mortgage, and that appellant recover nothing as to Young and pay all costs in his behalf expended.

The evidence was conflicting. Appellant swore that he sold Young an automobile for some cash, one Ford car, his note for $450, and the note on Lloyd for $400 secured by the chattel mortgage on six mules, two wagons, two cultivators, one harrow, three planters, 12 hoes, and other personal property. The mortgage was a second lien on the property. He stated that the note and mortgage were on file in the county clerk's office, but Young said he would get it and indorse it unqualifiedly to appellant. Young did not indorse the note. The evidence as to the promise of Young to indorse the note was corroborated by a brother of appellant. The note was payable to the order of Young.

Young testified that he offered to give $600 in cash, a Ford car, a note to him by Lloyd for $400, and his personal note for $400 for a Buick car, and appellant accepted the offer. He swore:

"Neither at the time we made the trade nor at the time I delivered the certified copy of the note and mortgage to Prewitt was anything said about me indorsing the Lloyd note. Mr. Prewitt did not ask me to indorse and never said anything about claiming that I was liable as an indorser until after the note was past due. I traded the note to him just like I traded the Ford car and considered the note his, and, so far as I was concerned, I was through with it, and it was not my intention to become liable as an indorser on it."

Young paid his personal note and the cash and delivered the Ford car.

The jury credited the testimony of Young and concluded that he had never promised appellant to indorse the note. Nothing was ever said by appellant about an indorsement of the note by Young until after it was due, which was over 18 months after the note was traded to him by Young.

Under the finding of the jury, which was supported by the facts, there was no indorsement in parol or otherwise by appellee Young, and consequently he cannot be bound as an indorser unless the delivery of a note by a payee to another carries with it an indorsement of the note. It is not pretended by appellant that the note was indorsed, but merely a promise to place an indorsement on the note. He did not say to appellant that he indorsed the note in parol. We have seen no case of mere delivery of a note being held to constitute an indorsement in blank, or of any other class.

The authorities cited by appellant do not bear out his contention that a parol agreement to indorse a promissory note at some time in the future is binding upon the payee, or that a parol agreement of any kind can be made equivalent to an indorsement which is required to be in writing. The Negotiable Instruments Law of this state went into ef-

fect after the consummation of the trade be-twen appellant and Young, and of course can have no bearing upon it. We do not desire to intimate that the law in question would sustain appellant's contention that a mere delivery of a note by the payee will imply an indorsement of the same, for no such feature appears in that law.

The judgment is affirmed.