## HARRIS v. HOLLUMS. (No. 2404.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 10, 1924.) .

1. Brokers ⬅➡71—Broker taking one of vendor's lien notes as commission not entitled to vendor's indorsement in blank.

Broker who agrees to take one of vendor's lien notes as commission for selling land is not entitled to have it indorsed in blank by vendor, but is entitled to transfer of part of vendor's lien securing payment.

2. Specific performance ⬅➡127(1)—In suit to enforce contract to transfer note as broker's commission, alternative judgment on quantum meruit improper where contract proven.

Where broker sued to enforce transfer to him of vendor's lien note, as his agreed commission, judgment in alternative for recovery on quantum meruit is improper where evidence establishes contract, proper alternative judgment being for breach of contract.

Appeal from Floyd County Court; E. C. Nelson, Jr., Judge.

Suit by John A. Hollums against J. R. Harris. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with instructions.

Mathews & Overson, of Floydada, for appellant.

Kenneth Bain and Jeff D. Ayres, both of Floydada, for appellee.

RANDOLPH, J. Harris, the owner of a tract of land, placed it in the hands of Hollums for 'sale; Hollum's commission to be what he realized out of the sale over and above $6,400. Hollums found a purchaser for $6,800, $400 in excess of the net price given him by the owner. The terms of sale were $2,500 cash, and 10 promissory vendor's lien notes each in the sum of $430, due and payable annually January 1, 1925 to January 1, 1934, respectively. Harris declined to conclude this trade because he was not given a sufficient cash payment; that he could not afford to pay Hollums a cash commission out of the $2,500 he was getting. Hollums then agreed to take one of the purchase-money notes for his commission, and pay Harris $30, the difference between the face of the note and the amount of his commission. The trade for the land was closed with the purchaser. When Hollums and Harris came to close on the commission deal, a controversy arose as to which one of the notes Hollums was to take. They finally agreed that Hollums would take the ninth note. When it came to the transfer of the note, Harris tendered Hollums a transfer of it, without recourse on him. This Hollums refused, demanding that Harris transfer the note in blank, or, in other words, with Harris' personal liability securing such transfer. It does not appear that Harris ever offered, until the presentation in this court, to transfer any part of the vendor's lien securing the payment of the note to Hollums.

Hollums filed this suit to enforce the transfer of the note in blank by Harris, and in the alternative, in the event he was not entitled to enforce the transfer in blank by the defendant, that he recover judgment against defendant upon a quantum meruit, and a reasonable compensation for his services rendered defendant in the sale. There is no difference between the parties as to the terms of the trade, the only difference being as to character of the transfer of the note.

There is an uncertainty in the judgment as rendered by the trial court in failing to fix a time for the performance by Harris of the terms of the trial court's judgment, in that he is not required to indorse the note in blank within any specified time before the alternative money judgment becomes effective, but, as the disposition of the case by us eliminates any such disposition of the matter in the trial court, we pretermit any further discussion of that question here.

Harris' counsel in open court here tenders a performance of the contract by a transfer of the note without recourse, and also a transfer of such portion of the lien as is necessary to secure the payment of the note.

[1] When Hollums agreed to take note No. 9, as a matter of law, he agreed to take it as it stood, on a par with the other notes of the same series. This meant that he took the note with its security and no more. Wheelock v. Mayfield et al. (Tex. Civ. App.) 197 S. W. 475; Prewitt v. Lloyd et al. (Tex. Civ. App.) 240 S. W. 1039. If Harris is required to indorse the note in blank, this would in any event, in the hands of an innocent purchaser, make him responsible for its payment as indorser, notwithstanding any want of liability as between the parties to the transaction, and, under authority of Barger v. Brubaker (Tex. Civ. App.) 187 S. W. 1025, in the absence of a pleading setting up fraud or mistake, he could not prove that the transfer was made without recourse. At all events Hollums, under the terms of the trade, was not entitled to an unrestricted indorsement fastening personal liability upon Harris. Such is not the contract.

[2] The judgment as rendered in the alternative for recovery upon a quantum meruit, is not supported by the evidence. The contract was shown to have been agreed to by the parties, and was established by the evidence. If the defendant had failed and refused to carry it out, plaintiff's recovery in the alternative, would have been for damages for the breach of the contract, if properly pleaded.

We therefore reverse the judgment of the trial court, and remand the cause, to that

court, with instructions to render judgment in favor of the plaintiff; that the defendant indorse the note in controversy without recourse; and that the defendant also execute and deliver to plaintiff a duly acknowledged transfer of such an interest in the purchase-money lien existing upon the land in controversy as will secure the payment of the note thus transferred to plaintiff upon an equal footing with each and every other of the series of notes to which it belongs.